*Li v. Barr*

BIA
A070 895 084

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of May, two thousand nineteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
>    *Circuit Judges.*

_____

CHUAN MING LI,
>    *Petitioner,*

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

17-1088
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Yee Ling Poon; Deborah Niedermeyer, Law Office of Yee Ling Poon, New York, NY. |
| **FOR RESPONDENT:** | Chad A. Readler Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Gregory A. |

Pennington, Jr., Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chuan Ming Li, a native and citizen of the People's Republic of China, seeks review of a March 27, 2017, decision of the BIA denying his motion to reopen. *In re Chuan Ming Li,* No. A070 895 084 (B.I.A. Mar. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). It is undisputed that Li's 2016 motion to reopen was untimely filed more than 13 years after his 2003 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen). Li does not challenge the timeliness ruling or argue that any exception applies. And there is no statutory or regulatory exception to the time

2

limitation for motions to reopen to apply for adjustment of status. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009).

Accordingly, the only basis for reopening was the BIA's authority to reopen sua sponte. *See* 8 C.F.R. § 1003.2(a). Sua sponte reopening is "an extraordinary remedy reserved for truly exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999). We generally lack jurisdiction to review the BIA's "entirely discretionary" decision not to reopen sua sponte. *Ali*, 448 F.3d at 518. Although there is an exception if the agency "misperceived the legal background and thought, incorrectly, that reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), the BIA did not misperceive the law in this case because it did not reach Li's eligibility to adjust status; it simply concluded that Li's case was not an "exceptional situation." Accordingly, we lack jurisdiction to review the BIA's denial of sua sponte reopening. *Ali*, 448 F.3d at 518.

Because Li does not advance any arguments demonstrating that his untimely motion to reopen was subject to one of the statutory or regulatory exceptions to the filing deadline,

and we lack jurisdiction to review the BIA's denial of sua sponte reopening, Li cannot show that the BIA abused its discretion. Because the BIA's findings on these threshold issues were dispositive, it was not required to consider any additional arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4